W. EUGENE DAVIS, Circuit Judge,
concurring in part and dissenting in part, joined by KING, JERRY E. SMITH and GRAVES, Circuit Judges:
I agree with my colleagues in the majority that we should grant mandamus in In re Amy and remand for entry of a restitution award.[1] I also agree that we should vacate the award entered in Wright and remand for further consideration on the *332 amount of the award. The devil is in the details, however, and I disagree with most of the majority’s analysis.
I disagree with my colleagues in the majority in two major respects:
1. Although I conclude that the proximate cause proof required by the restitution statutes can be satisfied in these cases, I disagree with the majority that the statute authorizes restitution without any proof that the violation proximately caused the victim’s losses.
2. I agree with the majority that the district court must enter a restitution award against every offender convicted of possession of the victim’s pornographic image; but I disagree with the majority that in cases such as these two, where the offenses of multiple violators contribute to the victim’s damages, the district court must enter an award against each offender for the full amount of the victim’s losses. No other circuit that has addressed this issue has adopted such a one size fits all rule for the restitution feature of the sentence of an offender. Other circuits have given the district courts discretion to assess the amount of the restitution the offender is ordered to pay. See, e.g., United States v. Burgess, 684 F.3d 445, 460 (4th Cir.2012); United States v. Kearney, 672 F.3d 81, 100-01 (1st Cir.2012); United States v. McGarity, 669 F.3d 1218, 1270 (11th Cir. 2012); United States v. Laney, 189 F.3d 954, 967 (9th Cir.1999).
I.
THE STATUTES
At bottom, this is a statutory interpretation case, and I begin with a consideration of the structure and language of the statutes at issue that facially belie the majority’s position that victims may be awarded restitution for losses not proximately caused by offense conduct. Section 2259 specifically governs mandatory restitution awards for crimes related to the sexual exploitation and abuse of children. A number of provisions in the statute make it clear that proof of a causal connection is required between the offenses and the victim’s losses.
Section 2259(b)(2) expressly incorporates the general restitution procedures of 18 U.S.C. § 3664 and states that “[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.” Section 3664(e) states that “[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.” (emphasis added).
This language requiring proof of causation from § 3664(e) is consistent with the language defining “victim” found in § 2259(c), who is defined as “the individual harmed as a result of a commission of crime under this chapter .... ” (emphasis added).
Section 2259(a) states that the court “shall order restitution for any offense under this chapter.” Section 2259(b)(3) states that the victim’s losses are defined as those suffered by the victim “as a proximate result of the offense.” The full text of § 2259(b)(3) is as follows:
[T]he term “full amount of the victim’s losses” includes any costs incurred by the victim for—
(A) medical services relating to physical, psychiatric, or psychological care;
(B) physical and occupational therapy or rehabilitation;
*333 (C) necessary transportation, temporary housing, and child care expenses;
(D) lost income;
(E) attorneys’ fees, as well as other costs incurred; and
(F) any other losses suffered by the victim as a proximate result of the offense.
(emphasis added).
In interpreting this provision we should follow the fundamental canon of statutory construction established by the Supreme Court in Porto Rico Railway, Light & Power Co. v. Mor, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944 (1920). In that case, the Court held that “[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all.” Id. at 348, 40 S.Ct. 516. Applying this cardinal rule of statutory interpretation, I conclude that subsection (F)’s “as a proximate result of the offense” language applies equally to the previous five subcategories of losses, (A) through (E). This interpretation was accepted by the Eleventh Circuit in United States v. McDaniel, 631 F.3d 1204, 1209 (11th Cir. 2011) (“The phrase ‘as a proximate result of the offense’ is equally applicable to medical costs, lost income, and attorneys’ fees as it is to ‘any other losses.’ ” (citing Porto Rico Ry., 253 U.S. at 348, 40 S.Ct. 516)); see also Laney, 189 F.3d at 965 (reading the “as a result of’ language in § 2259’s definition of victim together with the “proximate result” language in § 2259(b)(3)(F) to infuse all of 2259(b)(3) with a proximate cause requirement).
In contrast, the majority concludes that once the district court determines that a person is a victim (an individual harmed as a result of an offense under § 2259) the district court must order restitution without further proof of causation.[2]
The majority’s reading of § 2259(b)(3) is patently inconsistent with the rule of statutory interpretation announced in Porto Rico Railway, which makes it clear that the clause should be read to apply to all categories of loss.[3] My conclusion that Porto Rico Railway's rule of interpretation applies in this case is made even clearer when we consider the multiple references in the statutes discussed above expressly reflecting Congressional intent to require proof of causation.
The D.C. Circuit and other circuits have reached the same conclusion — that is, that § 2259 requires proof of proximate cause — albeit by a slightly different reasoning. See United States v. Monzel, 641 F.3d 528, 535-37 (D.C.Cir.2011); United States v. Aumais, 656 F.3d 147, 153 (2d Cir.2011); Burgess, 684 F.3d at 459. The D.C. Circuit explained that it is
a bedrock rule of both tort and criminal law that a defendant is only liable for harms he proximately caused. (“An essential element of the plaintiffs cause of action for negligence, or ... any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered. This connec *334 tion usually is dealt with by the courts in terms of what is called ‘proximate cause’
(footnote omitted) (citation omitted) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 41, at 263 (5th ed.1984)); see also Wayne R. LaFave, Substantive Criminal Law § 6.4, at 464 (2d ed. 2003) (“[For] crimes so defined as to require not merely conduct but also a specified result of conduct, the defendant’s conduct must be the ‘legal’ or ‘proximate’ cause of the result.”). “Thus, we will presume that a restitution statute incorporates the traditional requirement of proximate cause unless there is good reason to think Congress intended the requirement not to apply.” Monzel, 641 F.3d at 536. The court found that “nothing in the text or structure of § 2259 leads us to conclude that Congress intended to negate the ordinary requirement of proximate cause.” Id.
Other circuits have used different analyses but all circuits to confront this issue have interpreted the statute as using a proximate causation standard connecting the offense to the losses. See United States v. Evers, 669 F.3d 645, 658-59 (6th Cir.2012) (finding a proximate cause requirement but declining to choose whether to adopt the McDaniel or Monzel rationale as they are “complementary”); Kearney, 672 F.3d at 96, 99 (adopting a proximate cause standard but not specifying under what analysis); United States v. Crandon, 173 F.3d 122, 125-26 (3d Cir.1999) (stating, without analysis, that § 2259 requires damages for losses suffered “as a proximate result of the offense”). This circuit is the only circuit that has interpreted § 2259 and concluded that proximate cause is not required by the statute.
For the above reasons, I conclude that the statutes at issue require proof that the defendant’s offense conduct proximately caused the victim’s losses before a restitution award can be entered as part of the defendant’s sentence.
II.
CAUSATION
In cases such as the two cases before this court where the conduct of multiple offenders collectively causes the victim’s damages, I would follow the position advocated by the Government and adopted by the First Circuit and the Fourth Circuit to establish the proximate cause element required by § 2259. Kearney, 672 F.3d at 98-99; Burgess, 684 F.3d at 459-60. Under this “collective causation” theory, it is not necessary to measure the precise damages each of the over 100 offenders caused. As the First Circuit in Kearney stated: “Proximate cause exists where the tortious conduct of multiple actors has combined to bring about harm, even if the harm suffered by the plaintiff might be the same if one of the numerous tortfeasors had not committed the tort.” 672 F.3d at 98. The court relied on the following statement of the rule from Prosser and Keeton:
When the conduct of two or more actors is so related to an event that their combined conduct, viewed as a whole, is a but-for cause of the event, and application of the but-for rule to each of them individually would absolve all of them, the conduct of each is a cause in fact of the event.
Keeton et al., supra, § 41, at 268.
The court explained further:
Proximate cause therefore exists on the aggregate level, and there is no reason to find it lacking on the individual level. The Restatement (Third) of Torts has recognized this: causation exits even where “none of the alternative causes is sufficient by itself, but together they are sufficient” to cause the harm.
*335 Kearney, 672 F.3d at 98 (quoting Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 27 reporters’ n. cmt. g. (2010); id. § 36 cmt. a (“[E]ven an insufficient condition ... can be a factual cause of harm when it combines with other acts to constitute a sufficient set to cause the harm.”)).
I agree with the Government and the First and Fourth Circuits that this definition of proximate cause is appropriate in this context and under this standard the causation requirement in both cases before us is satisfied.
III.
AMOUNT OF THE AWARD
The most difficult issue in these cases— where multiple violators combine to cause horrendous damage to a young victim — is establishing some standards to guide the district court in setting an appropriate restitution award for the single offender before the court.
I agree that Amy is a victim in both cases before us. Defendant Paroline (in In re Amy) and defendant Wright possessed Amy’s pornographic images and the statute requires the court to enter an award against them.
I agree that Amy is entitled to a restitution award from all of her offenders in a sum that is equal to the amount of her total losses. But in eases such as these where multiple violators have contributed to the victim’s losses and only one of those violators is before the court, I disagree that the court must always enter an award against that single violator for the full amount of the victim’s losses. I agree that § 3664(h) gives the court the option in the appropriate case of entering an award against a single defendant for the full amount of the victim’s losses even though other offenders contributed to these losses. I also agree that in that circumstance the defendant can seek contribution from other offenders jointly liable for the losses.[4] We have allowed such contribution claims in analogous non-sex offender cases. E.g., United States v. Arledge, 553 F.3d 881, 899 (5th Cir.2008) (finding that defendant could “seek contribution from his co-conspirators to pay off the restitution award and reduce the amount he personally owe[d]” in the context of a fraud scheme with multiple participants); accord United States v. Martinez, 610 F.3d 1216, 1234 (10th Cir.2010); United States v. Newsome, 322 F.3d 328, 340-41 (4th Cir.2003).
In concluding that an award for the full amount of the victim’s losses is required the majority relies on § 3664(h) which provides:
If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim’s loss and economic circumstances of each defendant.
(emphasis added). The majority simply ignores the second clause in § 3664(h) emphasized above. That subsection plainly gives the court the option of either (1) assessing a restitution award against the single defendant in an amount that is equal to the victim’s total losses or (2) apportioning liability among the defendants to reflect each defendant’s level of contribution *336 to the victim’s loss taking into consideration a number of factors including the economic circumstances of each defendant. Accord McGarity, 669 F.3d at 1270. It would be surprising if Congress had not given courts this option. After all, restitution is part of the defendant’s criminal sentence and § 3664(h), consistent with sentencing principles generally, gives the sentencing judge discretion to fix the sentence based on the facts and circumstances surrounding the defendant’s circumstances, background, and nature of his conduct. See, e.g., Burgess, 684 F.3d at 460; Kearney, 672 F.3d at 100-01; McGarity, 669 F.3d at 1270; Laney, 189 F.3d at 967. One size does not fit all in this context any more than the length of a prison sentence or any other feature of a criminal sentence.
I agree with the majority that the defendants in both cases before us having been convicted of violating 18 U.S.C. § 2252 must be ordered to pay restitution to Amy. We should leave the calculation of the appropriate award against each defendant to the district court in the first instance. I would give the district court the following general guidelines:
The court must recognize that Amy’s losses are an aggregation of the acts of the person who abused and filmed her assault, those who distributed and redistributed her images, and those who possessed those images. The culpability and liability for restitution of any one defendant regarding Amy’s loss is dependent at least in part on the role that defendant played with respect to her exploitation. See, e.g., Burgess, 684 F.3d at 460.
The court should first compute the victim’s probable future losses based on evidence of the damages she will likely incur from the date of the defendant’s offense conduct into the foreseeable future. The court should consider all items of damage listed in § 2259(b)(3) as well as any other losses suffered by the defendant related to the conduct of the violators of this chapter.
In a case such as this where multiple individuals have been convicted of contributing to her abuse, the district court has the discretion under § 3664(h) either to enter an award for the total amount of her provable losses or some portion of those losses to reflect the defendant’s role in causing the damage as well as the other surrounding circumstances.
The district court is not required to justify any award with absolute precision, but the amount of the award must have a factual predicate. In determining whether it should cast the single defendant before it for the total amount of the victim’s losses or in fixing the amount of a smaller award the court should consider all relevant facts including without limitation the following:
1. The egregiousness of the defendant’s conduct including whether he was involved in the physical abuse of this victim or other victims, and whether he attempted to make personal contact with victims whose images he viewed or possessed.
2. For defendants who possessed images of the victim, consider the number of images he possessed and viewed, and whether the defendant circulated or re-circulated those images to others.
3. The financial means of the defendant and his ability to satisfy an award.
4. The court may consider using the $150,000 liquidated civil damage award authorized by 18 U.S.C. § 2255 or a percentage thereof as a guide in fixing the amount of the award.
5. The court may also consider as a guide awards made in similar cases in this circuit and other circuits.
*337 6. Any other facts relevant to the defendant’s level of contribution to the victim’s loss and economic circumstances of the defendant.
IV.
CONCLUSION
In summary, I would grant mandamus and vacate the judgment in In re Amy and remand that case to the district court to enter an award consistent with the principles outlined above. I would also vacate the judgment in Wright and remand for entry of judgment consistent with the above guidelines.

. Section 2259 directs courts to “order restitution for any offense under this chapter.” District courts do not have discretion to make no award.

. The majority would apparently hold that if Amy were injured in an automobile accident on the way to a counseling session, those damages would be included in a restitution award.

. I am not persuaded by In re Amy’s attempt to distinguish the statute in Porto Rico Railway on the basis that the subcategories of § 2259(b)(3) are separated by semicolons rather than commas. See In re Amy Unknown, 636 F.3d 190, 199 (5th Cir.2011). Either punctuation device is an acceptable method of separating clauses. See Bryan A. Garner, The Redbook: A Manual on Legal Style 1-15 (2d. ed.2006).

. The Government argued that contribution would not apply in this context because the statute did not authorize it and, in any event, it would not apply among defendants convicted in different courts; but their authority on this point is very thin and does not directly and strongly support this view.